

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-15-00149-CV
_____

DE REX WILLIAMS, APPELLANT

V.

CREEK VILLAGE, APPELLEE

On Appeal from the County Court at Law No. 2
Travis County, Texas
Trial Court No. C-1-CV-14-009632; Honorable Joe Carroll, Presiding

August 5, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, De Rex Williams, proceeding *pro se*, filed this appeal from a judgment in favor of Appellee, Creek Village. Williams's brief was due on July 6, 2015. Because Williams has yet to file a brief, we dismiss this appeal for want of prosecution and failure to comply with a notice from the clerk requiring action within a specified time.

On April 6, 2015, this appeal was transferred from the Third Court of Appeals to this court. Although the clerk's record was filed before the case was transferred, the

reporter's record was long overdue, having been due since December 29, 2014. Upon the court's request for a status report, the reporter notified the court that Williams had not yet requested preparation of the reporter's record. By letter on April 24, 2015, the court directed Williams to request the record, make acceptable payment arrangements, and submit a written certification to the clerk of the court explaining compliance or lack thereof by May 4, 2015. The court notified Williams that failure to comply with the court's direction could result in the deadline for filing his brief being set with any points or issues raised that do not require a reporter's record being considered and decided. *See* TEX. R. APP. P. 37.3(c).

Williams did not submit the certification and the reporter's record was not filed. Accordingly, the court deemed the reporter's record filed as of June 3, 2015, and notified Williams that his brief was due by July 6, 2015. He failed to file a brief by this deadline. On July 13, 2015, the court *sua sponte* granted an extension of time to file his brief until July 23, 2015, and in a letter to Williams, the court notified him that failure to timely file a brief would subject the appeal to dismissal without further notice. *See* TEX. R. APP. P. 38.8(a), 42.3(b), (c). Williams made no response to the court's letter and the brief remains outstanding.

Therefore, the appeal is dismissed for want of prosecution and for failure to comply with a notice from the clerk requiring a response or other action within a specified time.


Per Curiam

2